UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

Tiesean Keyon-Shantal Hatchett  00292200
(Enter above the full name of the plaintiff(s), including prisoner number, in this action. If you cannot list all plaintiffs in the space provided, please write "see attached" and list all names on an additional page.)

v.

Gerald E. Faber, Case Weston

(Enter above the full name of the defendant(s) in this action. If you cannot list all defendants in the space provided, please write "see attached" and list all names on an additional page.)

**FILED - GR**
February 4, 2025 11:05 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: /PB/ 2/4

**1:25-cv-129**
Jane M. Beckering
U.S. District Judge

**COMPLAINT**
*(Print Clearly)*

I. **Previous Lawsuits**

   **CAUTION:** The Prison Litigation Reform Act has resulted in substantial changes in the ability of incarcerated individuals to initiate lawsuits in federal courts without prepayment of the civil action filing fee. Accurate and complete responses are required concerning your litigation history. Generally, a plaintiff's failure to accurately and completely answer the questions set forth below will result in denial of the privilege of proceeding *in forma pauperis* and require you to pay the entire $405.00 filing fee regardless of whether your complaint is dismissed.

   A. Have you ever filed a lawsuit while incarcerated or detained in any prison or jail facility?   Yes ☐   No ☐

   B. If your answer to question A was yes, for each lawsuit you have filed you must answer questions 1 through 5 below. Attach additional sheets as necessary to answer questions 1 through 5 below with regard to each lawsuit.

   1. Identify the court in which the lawsuit was filed. If it was a state court, identify the county in which the suit was filed. If the lawsuit was filed in federal court, identify the district within which the lawsuit was filed.

      _____

   2. Is the action still pending?   Yes ☐   No ☐

      a. If your answer was no, state precisely how the action was resolved: _____

      _____

   3. Did you appeal the decision?   Yes ☐   No ☐

   4. Is the appeal still pending?   Yes ☐   No ☐

      a. If not pending, what was the decision on appeal? _____

      _____

   5. Was the previous lawsuit based upon the same or similar facts asserted in this lawsuit? Yes ☐   No ☐

      a. If so, explain: _____

      _____

II. **Parties**

A. Plaintiff(s)

Enter your name, place of confinement, address, and place of confinement during the events described in the complaint in the blanks below. Provide the same information for any additional plaintiffs. Attach extra sheets as necessary.

Name of Plaintiff  Tiesean Keyon-Shantal Hatchett

Place of Present Confinement  Kent County Correctional facility

Address  703 Ball St N.E Grand Rapids, MI 49503

Place of Confinement During Events Described in Complaint  Kent County Correctional facility

B. Defendant(s)

Complete the information requested below for each defendant in this action, including whether you are suing each defendant in an official and/or personal capacity. Provide the same information for each additional defendant. If there are more than six defendants attach extra sheets as necessary.

Name of Defendant #1  Gerald E. Faber

Position or Title  Kent County Assistant Prosecuting Attorney

Place of Employment  Kent County Prosecutor's office

Address  82 Ionia Avenue N.W STE 450, Grand Rapids, MI 49503

Official and/or personal capacity?  Official and personal Capacity

Name of Defendant #2  Case Weston #203

Position or Title  Detective Grand Rapids Police officer

Place of Employment  Grand Rapids Police Department

Address  1 Monroe Center N.W Grand Rapids, MI 49503

Official and/or personal capacity?  Official and personal Capacity

Name of Defendant #3 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #4 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

Name of Defendant #5 _____

Position or Title _____

Place of Employment _____

Address _____

Official and/or personal capacity? _____

- 3 -

(W.D. Mich. Form – Last Revised: September 2021)

## III. Statement of Claim

State here the **facts** of your case. Describe how each defendant is personally involved. Include also the names of other persons involved, dates and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. **Do not include unrelated claims.** Use as much space as you need. Attach extra sheets if necessary.

*7 extra sheets attach to page 4*

1.) My name Tiesean Hatchett I am currently incarcerated in Kent County Correctional Facility located in Grand Rapids, Michigan. I currently just went to trial on Jan. 6, 2025 and got found guilty for 2nd degree murder. However, I was Granted "use immunity" by the prosecutor Ms. Faber, which Ms. Faber breached the contract by using the "use immunity" Proffered agreement as substantive evidence at the preliminary exam and at trial and not finding a independent source. The facts establishing the foundation of the prosecution breaching the contract are the following facts.

Observation of Surveillance Video

A.) • 8-27-22 • Bacon, Cassidy #220
follow-up report Time: 2:17am                One alleged Shooter

B.) • 8-27-22 • Borta, Cody #223
follow-up report Time: 3:44am                One alleged Shooter

C.) • 9-6-22 • Delonte Johnson
Police interview                              Surmisal

D.) • 10-6-22 • Delonte Johnson
investigative Subpoena interview              Surmisal

E.) • 10-6-22 • Detective Case Weston #203
Affidavit for Search Warrant                  One alleged Shooter

F.) • 12-1-22 • Micheal Owens
investigative Subpoena interview              Surmisal

G.) • 12-8-22 • Detective Case Weston #203
Police report follow-up report                One alleged Shooter

H.) • 1-12-23 • Detective Case Weston #203
Affidavit of probable cause for felony Complaint   Strongly one alleged Shooter

2.) In reviewing all 8 documents, and putting them in order

-4-A                    (W.D. Mich. Form – Last Revised: September 2021)

by dates, it clearly shows a factual finding that detective "Case Weston #203" who's the leading detective in this investigation, had a clear understanding before filing charges: by submitting 3 of the 8 reports all consistent with officer "Bacon, Cassidy #220" and officer "Cody, Borta #223" follow-up reports. Detective "Case Weston #203" three reports and the two officers follow-up report all describe the observation of the surveillance video as to seeing one alleged shooter.

Futhermore, Detective "Case Weston #203" did two interviews with "Delonte Johnson" and one with "Michael Owens" as well before filing charges. Both "Delonte Johnson" and "Michael Owens" are the only prosecution eye witnesses that testified at the prelim and trial.

All of these reports and interviews mentioned above was the foundation of Detective "Case Weston #203" thoroughly 4½ months investigation before filing charges.

To strongly establish Detective "Case Weston #203" clear understanding he submitted his last report on 1-12-23 the Affidavit of Probable Cause for felony complaint strongly establishing and supporting the 4½ months investigation by stating: "Leonard Young being the only alleged shooter." On the same day 1-12-23 charges was filed against Defendant "Tiesean Hatchett" and Co-defendant "Leonard Young".

3.) On 2-3-23 Defendant Tiesean Hatchett entered into a "use immunity" Proffer agreement with the Prosecution office. The "use immunity" agreement states: This use immunity means that no statement made by your client during this Proffer may be used as substantive evidence against your client in ANY CRIMINAL CASE. This Contract was the foundation

-4-B

of the Constitutional Violation occurring, which Violates my 5th and 14th Amendment rights of the Procedural due Process, and Substantive due process Clause. As well as the Self incrimination clause.

4.) On 4-6-23 the preliminary examination was held, which Detective "Case Weston #203" intentionally breached the Proffer agreement by using the Substantive evidence from the 2-3-23 "use immunity" Proffer availed detective "Case Weston 203#" to alter the "drive-way Camera" (Px3) video Exhibit and change his personal observation at the preliminary exam by using the frame-by-frame and editing the 3rd muzzle flash on frame 19, at least 15 feet away from "Leonard Young" and attributing the 3rd shot to Somebody other then "Leonard Young" clearly showing detective "Case Weston #203" intentional manipulation and misconduct, which contradicts all 8 documents that supports detective "Case Weston #203" 4½ months investigation. which was thoroughly investigated before the Proffered agreement was established.

Futhermore, detective "Case Weston" States during his Prelim testimony that he mistakenly used the wrong terminology in his 12-8-22 report by saying "Suspect" instead of "Suspects", meaning detective "Case Weston", officer of 26 years of experience and training, also used the wrong terminology in his 10-6-22 and 1-12-23 reports. However, detective "Case Weston" Submitted the final report 1-12-23 which is the foundation for the 4½ months investigation prior to charges being filed and Strongly establishing the meaning and terminology for all three of detective

-4-C

"Case Weston" reports submitted and the 4½ months investigation; establishing one alleged "Suspect" and not "Suspects" shooting.

5.) On 7-24-23 defendant "Tiesean Hatchett" sent a motion to suppress the "use immunity" Proffer to all parties involved. On 8-30-23 in the "Register of Actions" the Motion to Suppress was filed and dated on 8-30-23. However, my leading Counsel Louise E. Johnson failed to inform me about this suppression hearing. So I had no personal Cognition about it until I obtained my "Register of Actions".

Regardless, the exclusion of evidence in this case would be the "use immunity" Proffer. However, the Suppress evidence does not Purport to purge the conduct of it's unconstitutional Character. The alteration of the surveillance Video, and showing of it to both prosecution witness mere minutes before their preliminary exam testimonies, and detective "Case Weston" altered preliminary testimony are all fruits of the breach of the "use immunity" proffer; which is why the Constitutional Violation remains.

6.) The end of October, 2024 two months before defendant Tiesean Hatchett trial, Defendant Tiesean Hatchett filed a Motion to Dismiss on grounds of the "use immunity" breach. Copies we're sent to each partie involved HON. Scott A. Noto, Gerald E. Faber prosecutor's office, Kent County Clerks office, and Leading Counsel Louise E. Johnson office. Concerning the same matters briefly articulated in this 1983 Complaint.

On Nov. 25. 2024 HON. Scott A. Noto sent defendant

-4-D

Tiesean Hatchett a response stating "He sent a copy of the Motion to defendant Co-counsel Andrew Rodenhouse". Mr. Rodenhouse visited defendant Hatchett weeks later and refuse to correctly file the Motion to dismiss or even address the Courts about the immunity agreement. The Same day defendant Tiesean Hatchett mother texted Mr. Rodenhouse how imperative it is to address the Courts about the "use immunity" breach and why he refuse to do so. Mr. Rodenhouse however, never texted back.

Defendant Tiesean Hatchett mother however, have multiple text messages between her and the leading Counsel Louise E. Johnson discussing the "Motion to Dismiss" on immunity grounds prior to the trial and after. Leading Counsel Louise E. Johnson text my mother and said "it's a hearing Schedule on Dec. 27. 2024 for the "motion to dismiss", then text back days later and said the hearing's canceled. Defendant Tiesean Hatchett mother continued to text Leading Counsel Louise E. Johnson days after the trial and ask why leading Counsel refuse to address the Courts about the "use immunity" breach.

7.) On Jan. 6. 2025 defendant Tiesean Hatchett trial began which Detective "Case Weston" alter the "drive-way camera" footage once again. By adding a 4th fired gunshot about 15 feet away from "Leonard Young" and attributing the 4th gunshot to somebody other then "Leonard Young". However, in the preliminary exam transcripts on page 155 through 156 the Judge, Gerald E. Faber, and Detective Case Weston clearly establish for the record a total of three gunshots not four being fired. Throughout the whole investigation both

-4-E

eye witnesses speculated whether there we're multiple alleged shooters or one. When "Delonte Johnson" was asked directly at the preliminary examination did he see Tiesean Hatchett shoot he replied "No". Which Delonte Johnson prelim testimony was played for the Jury at trial. The second witness "Michael Owens" was finally ask directly at trial did he see Tiesean Hatchett shoot he replied "No".

    However, the prosecutor Mr. Faber and detective "Case Weston" altered the video and showed it to both eye witnesses mere minutes before there preliminary exam testimony in hopes to change these personal cognition. On page 45, 46, 47 54, and 55 in the preliminary transcripts Delonte Johnson describes watching the video mere minutes before his Prelim testimony. On page 82 Michael Owens states: "I just seen the video today", in his Prelim testimony.

    8.) This conduct has been a pattern of inexcusable neglect and deliberate deception involving crucial evidence, the conduct of the investigation, and testimony given. Due to detective malicious abuse of legal process and misconduct. I have every document mentioned in this complaint including my co-defendants trial transcripts. However, I have not recieve my trial transcripts and I am still missing page 128 and 146 out of my preliminary transcripts. I requested the missing pages through multiple text months and days prior to trial also through other motions that's in my case file but not mentioned in this complaint. My lawyer Louise E. Johnson failed to take any action or investigate. The alteration of the video surveillance footage was created to manipulate the two

-4-F

eye witnesses testimonies to establish a independent source, which the prosecution failed to establish.

9.) My sentencing is schedule for Mar. 20. 2025 so I ask the united states district courts to rectify the "use immunity" contract.

10.) Brandi Denaisa Williams, officer Cassidy Bacon #220, and officer Cody Borta #223 we're all on the prosecution witness list at trial. Yet, none of them testified at trial or at the preliminary examination.

-4-G

# Observation of Video Surveillance Footage

| Reports / transcripts | gunshots | Alleged Shooter |
|---|---|---|
| • 8-27-22 Bacon, Cassidy #220 | ? | one |
| • 8-27-22 Bosta, Cody #223 | ? | one |
| • 9-6-22 Delonte Johnson | Didn't See Video Yet | |
| • 10-6-22 Delonte Johnson | Didn't See Video Yet | |
| • 10-6-22 Detective Case Weston #203 | three | one |
| • 12-1-22 Michael Owens | Didn't See Video Yet | |
| • 12-8-22 Detective Case Weston #203 | three | one |
| Charges filed * 1-12-23 Detective Case Weston #203 | ? | one |
| • 2-3-23 Tiesean Hatchett Proffer | Contract Breached | |
| • 4-6-23 Preliminary exam | three | two |
| • 4-29-24 Co-defendant trial | three | two |
| • 1-6-25 Tiesean Hatchett trial | four | two |

-4-H

## IV. Relief

State briefly and precisely what you want the court to do for you.

To enforce the Kent County Prosecutor's office to honor the Contract according to Constitutional Provisions, statutes, MCR's and Caselaws which guarantee my rights to Posttrial remedies. And Protect my 5th and 14th Amendment rights of the due Process Clause and Self incrimination Clause. I Ask the Courts for the appropriate remedy: dismissal and Injunctive relief and declaratory relief.

## V. Notice to Plaintiff Regarding Consent

In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, you are hereby notified that the United States magistrate judges of this district court may, upon your consent, conduct any or all proceedings in this case, including a jury trial and entry of a final judgment. If you consent, any appeal from a judgment entered by a magistrate judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

Magistrate judges have greater flexibility in their schedules than district judges, who have heavy criminal caseloads that take priority over civil trials. Accordingly, the magistrate judges are generally able to schedule prisoner civil rights cases for jury trial much sooner, and they are able to provide firm trial dates. Magistrate judges are experienced trial judges who handle a great number of prisoner civil rights cases.

Your decision to consent to the dispositive jurisdiction of a United States magistrate is entirely voluntary. If you do not consent to a magistrate judge, the case will be randomly assigned to a district judge. The magistrate judge already assigned to this case would continue to decide all pretrial matters and would handle all dispositive motions by report and recommendation.

Please check **ONE** box below to indicate whether you voluntarily consent to proceed with a United States magistrate judge or if you would instead prefer that the case be assigned to a district judge.

- [x] I hereby voluntarily consent to the United States magistrate judge conducting all proceedings in this case, including entry of a final judgment and all post-judgment matters.

- [ ] I request that this case be assigned to a district judge.

1-30-25
**Date**

Tiesean Hatchett
**Signature of Plaintiff**

**NOTICE TO PLAINTIFF(S)**

The failure of a *pro se* litigant to keep the court apprised of an address change may be considered cause for dismissal.

KEITH COWDIN
Notary Public – State of Michigan
County of Kent
My Commission Expires: June 9, 2025

1/30/2025

- 5 -

(W.D. Mich. Form – Last Revised: September 2021)

This mail originates from the Kent County Correctional Facility

. District court
Federal Building
Michigan St. N.W.
and Rapids, Mi 49503

Tiesean Hatchett
Kent County Correctional facili[ty]
703 Ball Ave. N.E.
Grand Rapids, MI 49503

U.
30
11
Gr