UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

TIESEAN SHANTAL HATCHETT,

           Petitioner,

v.

           Case No. 1:25-cv-129

           Honorable Jane M. Beckering

GERALD E. FABER et al.,

           Respondents.

_____/

## OPINION

Petitioner Tiesean Shantal Hatchett is an individual currently detained at the Kent County Correctional Facility in Grand Rapids, Michigan. Petitioner is currently awaiting sentencing in the Kent County Circuit Court.[1] Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, suggesting that his criminal prosecution violates his constitutional rights. (Pet., ECF No. 1.)[2] (Petition, ECF No. 1.) This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis* (ECF No. 2) and for preliminary review.

---

[1] Petitioner references that he was found guilty of second-degree murder following a jury trial on January 6, 2025. (Pet., ECF No. 1, PageID.3.) Although Petitioner does not provide a case number for his criminal prosecution, the Court has located the public docket for his recent prosecution. The public docket for Case No. 23-03532-FC indicates that following a jury trial that was held from January 6–10, 2025, Petitioner was found guilty of second-degree murder, assault with a dangerous weapon, carrying a concealed weapon, and possession of a firearm by a prohibited person. *See* https://www.kentcountymi.gov/1036/Search-Court-Records (type "Tiesean" for "First Name," type "Hatchett" for "Last Name," enter "1993" for "Year of Birth," select "Defendant" for "Party Type," complete the reCAPTCHA verification, select "Search Criminal Cases," then select the link for Case Number 23-03532-FC to see the details of Petitioner's criminal proceedings) (last visited Feb. 7, 2025). The docket reflects that Petitioner is scheduled to appear for sentencing on March 20, 2025.

[2] Petitioner used this Court's form for filing a civil rights complaint pursuant to 42 U.S.C. § 1983 to complete his petition. Petitioner, however, requests dismissal of the charges against him. (Pet.,

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[3] The Court is required to conduct this initial review prior to the service of the petition. *See* Rule 4, Rules Governing § 2254 Cases. After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice on grounds of abstention.

## Discussion

**I.      Leave to Proceed *in Forma Pauperis***

The filing fee for a habeas corpus action is $5.00. *See* 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). (ECF No. 2.) It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis* (ECF No. 2).

---

ECF No. 1, PageID.11.) Because of that request, the Clerk's Office opened this action as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. However, as noted *supra* in footnote 1, Petitioner has not yet been sentenced. When a person is in custody pursuant to the judgment of a state court, he may seek release by way of a writ of habeas corpus under 28 U.S.C. § 2254. However, prior to sentencing, Petitioner is not in custody pursuant to a judgment of state court. *See, e.g.*, *Burton v. Stewart*, 549 U.S. 147, 156 (2007) ("Final judgment in a criminal case means sentence[;] . . . [t]he sentence is the judgment." (quoting *Berman v. United States*, 302 U.S. 211, 212 (1937))); *Flanagan v. United States*, 465 U.S. 259, 263 (1984) (concluding that final judgment does not occur "until after conviction <u>and</u> the imposition of sentence" (emphasis added)). Therefore, at the time that Petitioner filed his petition, and at the present time (i.e., prior to sentencing), Petitioner's challenge to the constitutionality of his criminal proceedings must be brought under 28 U.S.C. § 2241. *See Atkins v. Michigan*, 644 F.2d 543, 546 n.1 (6th Cir. 1981).

[3] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

II.  **Factual Allegations**

As noted in footnote 1, Petitioner is currently pending sentencing after being found guilty, following a jury trial, of second-degree murder, assault with a dangerous weapon, and two firearms offenses. In his petition, Petitioner contends that the prosecutor had granted him use immunity, and that the prosecutor "breached the contract" by proffering the use immunity agreement as "substantive evidence at the preliminary exam and at trial and not finding an independent source." (Pet., ECF No. 1, PageID.3.) Petitioner avers that he entered into the use immunity agreement on February 3, 2023, and that the agreement provided that no statement made by Petitioner would be used against him in any criminal case. (*Id.*, PageID.4.) Petitioner contends that despite this agreement, Detective Case Weston breached the agreement by altering surveillance camera footage. (*Id.*, PageID.5.) According to Petitioner, the prosecution used that footage to suggest that Petitioner was the shooter despite two eyewitnesses stating that they did not see Petitioner during the time of the incident. (*Id.*, PageID.8.) Petitioner goes on to argue that his attorney "failed to take any action or investigate." (*Id.*) As relief, Petitioner asks that this Court "rectify the 'use immunity' contract." (*Id.*, PageID.9.) He also seeks "dismissal and injunctive relief and declaratory relief." (*Id.*, PageID.11.)

III. **Discussion**

Because Petitioner's criminal prosecution is ongoing, the Court will abstain from addressing Petitioner's claim under the principles enumerated in *Younger v. Harris*, 401 U.S. 37 (1971). In *Younger*, the Supreme Court has held that absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions. The *Younger* abstention doctrine is based on the principle that the states have a special interest in enforcing their own laws in their own courts. *Id.* at 44; *see also Parker v. Turner*, 626 F.2d 1, 8 (6th Cir. 1980) ("*Younger*

established a near-absolute restraint rule when there are pending state criminal proceedings."). The rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). Abstention in favor of state court proceedings is proper where there exists: (1) an ongoing state proceeding; (2) an important state interest; and (3) an adequate opportunity in the state judicial proceedings to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996).

The three factors supporting *Younger* abstention are present here. As noted above, Petitioner's criminal proceedings are ongoing, as he is awaiting sentencing. Moreover, state criminal proceedings involve important state interests. *See Cooper v. Parrish*, 203 F.3d 937, 954 (6th Cir. 2000). Third, the state court proceedings provide an adequate opportunity to raise constitutional challenges. Nothing prevents Petitioner from presenting legitimate federal constitutional claims in the pending state court proceedings. "Abstention is appropriate unless state law *clearly bars* the interposition of the constitutional claims." *Am. Family Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007) (quoting *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006)). If Petitioner raises federal constitutional claims in the trial court, and that court denies or otherwise fails to consider those claims, he may exercise his right to an appeal under Michigan law.

Abstention is appropriate unless one of the three exceptions to the *Younger* abstention doctrine apples. Those exceptions are: (1) "the state proceeding is motivated by a desire to harass or is conducted in bad faith," *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); (2) "the challenged statute is flagrantly and patently violative of express constitutional prohibitions,"

5

*Moore v. Sims*, 442 U.S. 415, 424 (1979) (quoting *Huffman*, 420 U.S. at 611); or (3) there is "an extraordinarily pressing need for immediate federal equitable relief," *Kugler v. Helfant*, 421 U.S. 117, 125 (1975). These exceptions have been interpreted narrowly. *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986).

None of the circumstances that might permit Petitioner to avoid the *Younger* abstention bar are present here. Although Petitioner's argument might be construed to contend that his prosecution is in bad faith because of his use immunity agreement, Petitioner's allegations fail to meet the narrow exception set forth in *Huffman*. With regard to that exception, the Sixth Circuit Court of Appeals has explained:

> [T]he Supreme Court has applied the bad faith/harassment exception "to only one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecutions." *Ken-N.K., Inc. v. Vernon Township*, 18 F. App'x 319, 324–25 n.2 (6th Cir. 2001) (citing Erwin Chemerinsky, Federal Jurisdiction § 13.4, at 806–08 (3d ed. 1999)); *see also, e.g.*, *McNatt[ v. Texas]*, 37 F.3d 629 [(5th Cir. 1994)] (holding that the bad faith/harassment exception to *Younger* "is extremely narrow and applies only in cases of proven harassment or prosecutions undertaken without hope of obtaining valid convictions").

*Lloyd v. Doherty*, No. 18-3552, 2018 WL 6584288, at *4 (6th Cir. Nov. 27, 2018). The facts as alleged by Petitioner do not show that he has suffered harassment by repeated prosecutions, nor do they show that the prosecuting officials have no intention of following through on the prosecution. Therefore, Petitioner has failed to establish that the first exception is applicable.

Petitioner does not challenge the constitutionality of the statutes he has been found guilty of violating. Thus, the second exception does not apply.

Petitioner also does not demonstrate an extraordinarily pressing need for immediate federal equitable relief. The Supreme Court has noted that this exception applies only when the state-court system is "incapable of fairly and fully adjudicating the [relevant] federal issues." *Kugler*, 421

U.S. at 124; *see also Formosa v. Lee*, No. 23-5296, 2024 WL 113788, at *3 (6th Cir. Jan. 10, 2024). Petitioner alleges no facts suggesting that the Michigan state court system does not provide an adequate system for fair and full adjudication. Once Petitioner is sentenced, he will be able to pursue his claims by appealing his convictions and sentences to the Michigan Court of Appeals and, if necessary, the Michigan Supreme Court. Accordingly, the third *Younger* exception does not apply.

For the reasons set forth above, the *Younger* abstention doctrine applies here. Accordingly, the Court will dismiss Petitioner's petition without prejudice. So long as Petitioner's criminal proceedings remain pending in state court, the Court will not review his § 2241 petition.

### IV.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Under *Slack v. McDaniel*, 529 U.S. 473 (2000), to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* at 484. "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court concludes that reasonable jurists could not find it debatable or wrong whether Petitioner's petition should be dismissed on the basis of *Younger* abstention. Therefore, a certificate of appealability will be denied. Moreover, for that same reason, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an Order and Judgment granting Petitioner's motion for leave to proceed *in forma pauperis*, dismissing the petition without prejudice on grounds of abstention, and denying a certificate of appealability.

Dated:     February 18, 2025                         /s/ Jane M. Beckering
                                                                     Jane M. Beckering
                                                                       United States District Judge